LASSER, P.J.T.C.
Taxpayers contest omitted personal property tax assessments imposed by four Morris County taxing districts on personal prop *566 erty of two cellular mobile telephone companies. The assessments in issue are:
New York SMSA Limited Partnership.
1992
Omitted
Location Assessment
East Hanover Township,
Block 42, Lot 37.01 $724,000
Roekaway Township,
Block 10802, Lot 39 $577,400
Cellular Telephone Company.
Location 1991 1992 Omitted Omitted Assessment Assessment
Randolph Township, Block 121, Lot 32 $482,000 $495,000
Parsippany-Troy Hills Township, Block 498, Lot 23 none $523,800
/.
Taxpayers are in the business of operating cellular mobile telephone networks in areas which include Morris County. In connection with this business, they own tangible personal property in each of the defendant taxing districts.
The property of a cellular telephone system includes a central switching office and remote cell sites. A cell site is an antenna and a building enclosing radio transmitters and receivers. The central switching office and cell sites are connected by lines leased from New Jersey Bell.
In East Hanover, there is a New York SMSA cell site building and an antenna mounted on a municipal water tank. In Rockaway, there is a New York SMSA cell site building with an antenna mounted on a pole. These cell sites are connected by leased lines *567 to the New York SMSA central switching station located in Jersey City.
There is no evidence of the nature of the personal property at the Cellular One cell sites located in Randolph Township and Parsippany Troy-Hills Township.
Taxpayers presented an expert who described the procedure for making a cellular telephone call. This expert testified that the subscriber first turns on the cellular telephone. The cellular telephone then seeks the strongest signal from a cell site and locks onto that signal. The subscriber hears a sound which signifies that the telephone is communicating to a cell site and is ready for use. The subscriber then dials the number of the person called and presses a button that causes a signal to be sent to the cell site.
The transmitted signal is then transferred from the cell site through lines leased from New Jersey Bell to the cellular company’s switching office. The call is transferred to the local exchange which routes the signal to the party being called if that party is a subscriber to the local exchange. If the party being called is not a subscriber on the local exchange, the signal is routed to an inter-exchange carrier (ie., AT & T, MCI, Sprint) and then transmitted to the local exchange of the party being called to connect the calling party with the party being called.
The local telephone exchange is not used when calls are made from one cellular telephone on a network to another cellular telephone on the same network. These calls are transferred from the cell site serving the calling party through lines leased from New Jersey Bell to the cellular company’s switching office and then routed back along the leased lines to the cell site which is transmitting to the cellular telephone being called. The signal is then transmitted from the receiving cell site to the cellular telephone being called.
Taxpayers’ tangible personal property was assessed by the taxing districts based on the premise that taxpayers are local exchange telephone companies as defined in N.J.S.A. 54:4-1.
N.J.S.A. 54:4-1 provides in pertinent part:
*568 Personal property taxable under this chapter shall include ... tangible goods and chattels, exclusive of inventories, used in business of local exchange telephone, telegraph and messenger systems, companies, corporations or associations subject to tax under P.L. 1940, c. 4 (C.54:30A-16 et seq.) ... As used in this section, “local exchange telephone company” means a telecommunications carrier providing dial tone and access to substantially all of a local telephone exchange.
The first of these two sentences was added to the statute in 1966 at the time that the general personal property tax assessed at the local level was replaced by the State-collected business personal property tax. This sentence continued the local personal property tax on telephone, telegraph and messenger companies which paid public utility franchise tax, rather than subject these companies to the new business personal property tax administered at the State level. The primary effect of this sentence was to continue to tax the personal property of AT & T at the local level instead of at the State level.
The second of these two sentences was added in 1989 after the AT & T divestiture, to shift the local personal property tax from AT & T to New Jersey Bell which had become the local exchange company. Because AT & T had become solely a telecommunications carrier and was no longer a local exchange company, it sought to be excluded from being taxed as a New Jersey public utility. The Legislature also amended the public utility franchise tax (N.J.S.A 54:30A-16 et seq.) to exclude “telecommunications carriers other than local exchange companies.”
Since N.J.SA 54:4-1 limits the local personal property tax to entities subject to the public utility franchise tax, the statute imposing that tax, N.J.S.A 54:30A-18, must be considered.
N.J.SA 54:30A-18 provides:
Every person, copartnership, association or corporation, other than street railway, traction, sewerage, water, gas and electric light, heat and power corporations, telecommunications carriers other than local exchange telephone companies ... using or occupying public streets, highways, roads or other public places by virtue of a franchise or authority or permission from the State or any municipality thereof ... shall ... annually ... pay for the franchise to use such public streets, highways, roads or other public places in this State an excise tax which shall ... be in lieu of any and all other tax or taxes upon the franchise or franchises of such taxpayer, [emphasis added.]
*569 The interplay of N.J.S.A. 54:4-1 and N.J.S.A. 54:30A-18 results in excepting a telecommunications carrier that is not a local exchange company from liability for payment of the public utility franchise tax and the local personal property tax.
Taxpayers contend that they are not local exchange companies, their equipment does not produce a dial tone, they are not public utilities, they do not have franchises granted by the State of New Jersey and they do not pay public utility franchise tax.
New York SMSA is a limited partnership. The general partner is New York CGSA, Inc. which owns 54% of the partnership. The limited partners are Bell Atlantic Mobile Systems of Northern New Jersey, Inc. (36%) and Empire[1] (10%).
The controller of New York SMSA testified that New York CGSA, Inc. is a subsidiary of NYNEX Mobile Communications Company. NYNEX Mobile Communications Company is a subsidiary of NYNEX Corporation. This witness testified that NYNEX Corporation was formed following the divestiture of AT & T and has an interest in approximately 150 subsidiary corporations and approximately 25 to 30 partnerships. He stated that two of NYNEX’s other subsidiaries are what he considers to be local exchange telephone companies.
According to the controller, New York SMSA only files an information tax return in New Jersey for the partnership. He stated that the partnership does not pay public utilities franchise tax. The general partner New York CGSA, Inc. does file New Jersey corporation business tax returns. This witness stated that New York CGSA, Inc. has been audited by the State of New Jersey for the years 1986 to 1990 and as a result of the audit, no liability for the gross receipts and franchise tax was discussed or assessed. There is no evidence of the New Jersey tax returns filed or taxes paid by the other partners of New York SMSA.
Similarly, Cellular One does not pay the public utility franchise tax. A witness for this taxpayer stated that, at the time of the *570 trial, the State was auditing this taxpayer and had not raised an issue regarding payment of the public utility franchise tax.
A letter of the Division of Taxation dated January 23, 1986, responding to a query concerning the taxability of a partnership engaged in the business of providing cellular mobile telephone services states, “I agree that under the facts presented in your letter the partnership would not be subject to public utility taxes.” A meeting of the Board of Public Utilities on May 18, 1988 determined that under existing statutes, the board “did not have jurisdiction over Cellular Radio Telecommunications Services.”[2]

II.

Taxpayers do not use or occupy public streets, highways, roads or other public places by virtue of a franchise or authority or permission from the State or any municipality. They do lease lines from New Jersey Bell and they do in some instances rent space for transmission antennas on municipal water towers. These cannot be regarded as the grant of a franchise or authority to use public streets or public places as that term has come to mean in the period since the enactment of the public utility franchise tax in 1940. If it did, many businesses that lease telephone lines, that are obviously not public utilities, would- be subject to the tax.
In 1989, the Legislature was aware of the existence of cellular mobile telephone companies but did not choose to treat them differently from other telecommunications carriers. Since 1989, ceEular mobüe carriers have emerged as a major factor in telecommunications service. They are not regulated as a pubEc utiEty or required to have a franchise. No special tax treatment has been crafted by the Legislature for them.
It is not for this court to classify ceEular mobEe telephone companies as pubEc utüities, rather, it is to determine whether *571 they have been so classified by the Legislature. Whether their personal property is to be taxed and if so at which level, State or local, and how best to treat cellular telephone companies in the State and local tax scheme is a subject for study by othér branches of this government. Recently, the business personal property tax has been repealed (L.1993, c. 174). All personal property taxes have been eliminated except the local personal property tax on local exchange telephone, telegraph and messenger systems. I do not discern an intent to liberally construe the last vestige of this tax to justify an expansion to cellular telephony.
Whether or not taxpayers are local exchange companies, the Legislature has not subjected taxpayers to public utility regulation.[3] Taxpayers are not possessed of franchises granted by State or local governments. The Division of Taxation has indicated that they are not subject to the public utility franchise tax. The Board of Public Utilities determined that under existing statutes the board did not have jurisdiction over Cellular Radio Telecommunications Services. The local personal property tax may only be imposed on local exchange telephone companies subject to the public utilities franchise tax. There is no statutory authorization for the subject personal property tax assessments.
In view of my determination that taxpayers do not hold a franchise taxable under the public utility franchise tax, I do not find it necessary to determine whether taxpayers provide a dial tone and access to substantially all of a local telephone exchange.
Judgment will be entered in favor of taxpayers setting aside the subject tax assessments.

The full name of this company is not in evidence.

 The Attorney General has declined to take a position as to the issues in this case.

 An attorney employed by NYNEX Mobile Communications Company testified that nine states including New York and Massachusetts regulate cellular telephone companies as public utilities.